```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

PACE LOCAL UNION 5-1967,           :
                                   :   NO. 1:04-CV-00405
        Plaintiff,                 :
                                   :
                                   :
   v.                              :   **OPINION & ORDER**
                                   :
                                   :
SMART PAPERS, LLC,                 :
                                   :
        Defendant.                 :

This matter is before the Court on Defendant Smart Papers, LLC's ("Smart Papers" or "the Company") Motion for Summary Judgment (doc. 10), Plaintiff PACE Local Union 5-1967's ("Pace" or "the Union") Motion for Summary Judgment (doc. 11), Defendant Smart Papers's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (doc. 12), and Defendant Smart Papers's Reply Memorandum in Support of its Motion for Summary Judgment (doc. 13).

**I.  Background**

Defendant Smart Papers operates a paper mill in Hamilton, Ohio that it purchased from International Paper ("IP") in early 2001 (doc. 10). At that time, Defendant company hired two-thirds of IP's former employees and recognized Pace as the exclusive collective bargaining representative for the workers in the mill (Id.). The company did not assume the pre-existing collective bargaining agreement between IP and Pace, but instead began negotiations for a new collective bargaining agreement, which was

ratified some eighteen months later, in June 2002 (Id.). According to Defendant company, the agreement was hard-fought, and reflected changes from the former IP agreement, in that the nature of the business had changed to production catering to the specialty paper market (Id.). Defendant argues the agreement was designed to allow it significant flexibility in managing operations, as it was a new business, founded on the ashes of two failed prior operations (Id.).

On November 7, 2002, William Rumpler ("Rumpler"), an employee of Smart Papers holding the position of Roll Packing Specialist, filed a grievance seeking a 3.4% ($0.50 per hour) wage increase because of the Company's elimination of the Assistant to his position (doc. 11). Rumpler asserted the elimination had caused a "substantial change" in his position and that he was entitled to a wage increase under Article 20 of the new collective bargaining agreement (Id.). The pertinent provision of Article 20 appears below:

> Recognizing that during the term of this agreement, the Company may create new jobs or combine existing jobs which may substantially increase the job duties of the existing classification. The Company shall establish rates for the new or changed job classification in line with the Company's existing wage schedule and notify the Union in writing. For the purposes of this provision a "substantial change" in job content exists only if the job materially and significantly changes in difficulty, effort, and responsibility. If after thirty (30) days the Union does not question the rate established

2

>>by the Company for the new classification, it shall become the established rate for the job. Otherwise, the establishment of such rates shall be a matter for discussion between the Company and the Union within the thirty (30) day period. If the parties are unable to reach an agreement the matter shall become a subject of the grievance and arbitration procedure. . .

(Id.). In accordance with Article 20, the matter was submitted to arbitrator Michael A. Paolucci ("the Arbitrator"). The Arbitrator found that there was a "substantial change" in job content and ultimately awarded a 2% ($0.28 per hour) wage increase for all Roll Packing Specialist Positions (Id.).

Shortly thereafter, Pace filed the instant action to confirm and enforce the arbitration award because of the Company's refusal to comply (doc. 1). The Company then filed a counterclaim to vacate the award (doc. 4). Both parties have since filed respective motions for summary judgment, which are now ripe for this Court's consideration. Plaintiff argues the Court should affirm the decision of the arbitrator (doc. 11). Defendant argues the arbitrator erred in his interpretation of the collective bargaining agreement (doc. 10). Defendant further argues that it replaced the Assistant Roll packer position with a "floating" assistant such that the elimination of the Assistant caused no substantial change in the job of the Roll packing specialist (Id.).

**II. Legal Standard for Summary Judgment**

Although a grant of summary judgment is not a substitute

3

for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also

4

LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781,

784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F .2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating

6

that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Defendant's Motion for Summary Judgment (doc. 10), Reply Memorandum in Support of its Motion for Summary Judgment (doc. 13), and Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (doc. 12)**

Defendant argues the arbitration award should be set aside because the Arbitrator ignored several terms in Article 20 of the Agreement (doc. 10). In particular, the Company argues the Arbitrator failed to analyze whether the elimination of an assistant "materially and significantly" changed the difficulty, effort, and responsibility of the Roll Packing Specialist position (Id.). Defendant argues Plaintiff proffered no evidence of a material and significant change in difficulty, effort, and responsibility (docs. 12 & 13). The Company points to the facts that Rumpler did not testify that he had to work faster or longer to compensate for the absence of the assistant, that Rumpler refused to request assistance from the new floating assistant, and that the Arbitrator failed to consider whether some changes actually diminished the difficulty, effort, and responsibility of the Roll Packing Specialist position (doc. 10).

7

Additionally, the Company argues that the Arbitrator inappropriately considered the difficulty, effort, and responsibility of a job as "interdependent and virtually synonymous terms" (Id.). According to the Company, the terms must be applied individually and the Arbitrator's failure to do so ignores the express terms of the Agreement (docs. 12 &13). Although Defendant acknowledges that courts must give broad deference to the decision of arbitrators in construing a collective bargaining agreement, Beacon Journal Co. v. Akron Newspaper Guild, 114 F.3d 596, 599 (6th Cir. 1997), Defendant argues "[a]n arbitrator does not have unfettered discretion when he departs from even arguably construing the contract" and courts must not act as "mere rubber stamps of approval" on labor arbitration decisions (Id. citing Sterling Fluid Systems, Inc. v. Teamsters, 332 F. Supp. 2d 837, 844 (W.D. Mich. 2004)). Defendant argues the arbitrator did not draw his decision from the essence of the collective bargaining agreement, in contravention of the Sixth Circuit's analysis in Way Bakery v. Truck Drivers Local 164, 363 F.3d 590, 593 (6th Cir. 2004)(Id.). Under this analysis, Defendant argues the arbitrator's decision should be overruled because 1) it conflicts with the express terms of the agreement, and 2) the award is not rationally supported by the Agreement, but is based on general consideration of fairness and equity instead of exact terms of the agreement (Id.).

8

**IV. Plaintiff's Motion for Summary Judgment (doc. 11)**

Pace argues that the arbitration award should be confirmed because there was sufficient evidence of a material and significant increase in difficulty, effort, and responsibility before the Arbitrator (doc. 11). Pace not only points to evidence on the record to support its contention, but also to the fact that the Arbitrator viewed the operation of the plant following the hearing and saw things not recorded in the transcript (Id.). Plaintiff argues that courts have a very narrow role in reviewing labor arbitration awards, and that "so long as the arbitrator's decision *concerns* construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his" (Id. citing United Steelworkers v. Enterprise Wheel & Car, 363 U.S. 593, 599 (1960)(emphasis added)).

**V. Discussion**

The Supreme Court articulated the appropriate standard of review of labor arbitration awards in United Paperworkers International Union v. Misco, Inc., 484 U.S. 29 (1987):

> [T]he arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. . .

9

(Id. at 38). Thus, this Court plays a very limited role when asked to review the decision of an arbitrator. (Id. at 36). An arbitrator may not completely ignore the plain language of the contract in question, but a court should not reject an award on the ground that the arbitrator misread the contract. (Id.).

Here, the Arbitrator clearly acknowledged the language of the Agreement and took it into account when reaching his decision. For example, the Arbitrator quoted Article 20 when stating that "a substantial change 'exists only if the job materially and significantly changes in difficulty, effort, and responsibility' . . . [A]ll three (3) elements must be proven in order for the Union to prevail" (doc. 10).

The Arbitrator then noted the second element was established because of a concession by the Company that the position required more effort (Id.). Although the Arbitrator did not explicitly say that the change in effort was significant or material, the reference to this language of Article 20 in the preceding sentences indicates that he was at least "arguably construing or applying the contract." See United Paperworkers, 484 U.S. at 38. Moreover, the Arbitrator conducted an on-site inspection of the workplace and had the opportunity to determine whether the changes in effort were material and significant (doc. 11).

The same can be said with respect to the Arbitrator's

10

finding of changes in difficulty and responsibility. The Arbitrator's award indicates that he took into account both of the parties' contentions before coming to the conclusion that the lack of a dedicated assistant materially and significantly increased these aspects of the Roll Packing Specialist position (doc. 11). This included the Company's contention that certain changes made operations "more efficient, safer, and easier" (Id.).

Furthermore, the Arbitrator expressly rejected the Company's attempts to sever the terms "difficulty, effort, and responsibility." Instead, the Arbitrator acknowledged that there was overlap between all three requirements and proceeded to provide an example of how a job can be more difficult because it requires more effort (doc. 11). The Arbitrator also gave the term "responsibility" an expansive meaning that covered actual performance of work (i.e., effort) in addition to appropriating fault if something goes wrong (Id.).

Thus, the Arbitrator did not ignore the first and third elements of a "substantial" change under Article 20; he simply chose to interpret them in an overlapping manner. As the Supreme Court stated in United Paperworkers, "[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and *the meaning of the contract* that they have agreed to accept." (Id. at 38-39)(emphasis added). Accordingly, this Court will not

11

analyze whether it would have been more appropriate to interpret "difficulty, effort, and responsibility" as independent or overlapping terms.  To do so would conflict with well-established precedent and undermine the federal policy of settling labor disputes by arbitration.

**VI. Conclusion**

The Court does not find well-taken Defendant's argument that the Arbitrator's decision conflicts with the express terms of the collective bargaining agreement, nor that the award is not rationally supported by the Agreement, but is based on general consideration of fairness and equity instead of exact terms of the agreement.  Having reviewed this matter, the Court finds the Arbitrator based his decision upon at least an arguable construction of the contract, and therefore such decision must be upheld.  United Paperworkers International Union v. Misco, Inc., 484 U.S. 29, 38 (1987).  Accordingly, the Court GRANT's Plaintiff Pace Local Union 5-1967's Motion for Summary Judgment (doc. 11) and DENIES Defendant Smart Paper LLC's Motion for Summary Judgment (doc. 10).  Judgment upholding the Arbitrator's Award is therefore hereby ENFORCED.

SO ORDERED.

Dated: September 27, 2005       /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge